**IN THE COURT OF APPEALS OF IOWA**

No. 14-0012
Filed May 14, 2014

**IN THE INTEREST OF K.G.,**
      **Minor Child,**

**J.B., Father,**
      Appellant.

_____

      Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.


      J.B. appeals the juvenile court order terminating his parental rights.

**AFFIRMED.**


      Justin T. Deppe of Deppe Law Office, Jewell, for appellant.

      J.B., Rockwell City, pro se appellant.

      Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, Cori Kuhn-Coleman, County Attorney, and Jordan Brackey,

Assistant County Attorney, for appellee.

      Darren D. Driscoll, Fort Dodge, for mother.

      Sarah L. Smith of Bennett, Crimmins & Smith, Fort Dodge, guardian ad

litem and attorney for minor child.


      Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

J.B. appeals the juvenile court order terminating his parental rights. He claims he has maintained significant contact with the child, the child can be returned to his care, and termination is not in the child's best interests. We find termination to be in the best interests of the child. We affirm.

## I. Background Facts and Proceedings

On December 23, 2013, the juvenile court terminated J.B.'s parental rights. Termination was the last step in a long succession of judicial interventions. The family first came to the attention of the department of human services (DHS) after receiving information that K.G.'s siblings had witnessed J.B. choking their mother. While this incident was being investigated, DHS received another report of J.B. assaulting the mother. The children, including K.G., witnessed the second assault, and one of the children was injured as a result of J.B.'s actions. A no-contact order was entered; however J.B. and the mother violated the order on several occasions.

J.B. has a long history of incarceration dating back to 1998. He was also convicted of multiple charges[1] on November 19, 2012, and sentenced to a term not to exceed five years in prison, but was released on August 9, 2013. Shortly after his release, J.B. contacted DHS to initiate contact with K.G. J.B. became hostile after he was informed the no-contact order prevented him from seeing K.G. The no-contact order was modified on October 31, 2013, and J.B. was allowed to have visits. Only three one-hour visits have occurred. During the

---

[1] These charges include interference with official acts inflicting bodily injury, domestic abuse assault causing bodily injury, and child endangerment resulting in bodily injury.

visits, it was reported that K.G. called J.B. by his first name, did not recognize J.B. as his father, and expressed indifference to his presence.

## II.    Scope and Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III.    Discussion

The juvenile court terminated J.B.'s parental rights on the grounds found in Iowa Code section 232.116(1)(e) and (h) (2013). In a termination proceeding, we engage in a three-step process. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, we consider the grounds in section 232.116(1). *Id.* If a ground for termination exists, we consider the best interests of the child under section 232.116(2). *Id.* Finally, we consider the permissive exceptions under section 232.116(3). *Id.*

Section 232.116(1)(h) allows termination of parental rights when the child is three years of age or under, has been adjudicated in need of assistance, and has been removed from the parent's custody for at least six of the previous twelve months or for six consecutive months. K.G. is under three years of age and has been adjudicated in need of assistance. J.B. has not had custody of K.G. for any of the previous twelve months, and has only had minimal contact with K.G. since the second domestic abuse incident. Therefore, grounds for termination exist.

Turning to section 232.116(2), we must consider the best interests of the child. In doing so, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). We find termination is in K.G.'s best interests. J.B. has a long history of substance abuse and incarceration, creating a climate of uncertainty for K.G. J.B. has also failed to establish a relationship with K.G. as evidenced by K.G.'s indifference to him during visits. Most importantly, J.B. has a history of violence, unresolved substance abuse, and domestic violence, which was witnessed by K.G. J.B. continues to display a propensity for conduct incompatible with parenthood by using abusive language with DHS caseworkers and refusing to participate in services.

Finally, we consider whether the permissive exceptions in section 232.116(3) apply to this case. We find they do not. J.B. relies upon the fact K.G. has been placed in the legal custody of a relative, namely the child's mother.[2] Iowa Code §232.116(3)(a). Placement of the child in one parent's home does not preclude termination of the other parent's rights. *See In re N.M.*, 491 N.W.2d

---

[2] In his brief, J.B. provides us with no analysis of any of the code sections, no argument of the specific facts of his case, and cites to no cases other than a generic citation to "all case law derived from these code sections." J.B. raises the bare minimum required to allow us to review the facts of the case and comprehend the facts he believes support his claims. Petitions on appeal are to substantially comply with Form 5 of Iowa Rule of Appellate Procedure 6.1401. *See In re J.A.D.-F.*, 776 N.W.2d 879, 883 (Iowa Ct. App. 2009). Though the streamlined procedure does not require an exhaustive review of the evidence, nor citation to the record, general conclusions are not sufficient. *Id.* As we noted in *In re J.A.D.-F.*, J.B. does little more than say "I appeal", and though this is not a technical violation of the rules, it requires the court to divine his arguments and fails to instruct us as to where we should focus our review.

153, 155 (Iowa 1992).  Considering the best interests of K.G., the past necessity for a no-contact order, the limited relationship between J.B. and K.G., and J.B.'s violent history, termination of J.B.'s parental rights is warranted.

**AFFIRMED.**